**YING FAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–74627.**

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 18, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Ying Fan, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Ernesto H. Molina, Jr., Esq., Margaret K. Taylor, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, CLIFTON and BEA, Circuit Judges.

## MEMORANDUM **

Ying Fan, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") de-

---

** This disposition is not appropriate for publication and is not precedent except as provid-

nial of his application for asylum, withholding of removal and relief under the Convention Against Torture (the "Convention"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Fan contends that the IJ's adverse credibility determination lacks a valid basis. We disagree. The IJ's adverse credibility finding rests in part on inconsistencies between Fan's testimony and asylum application regarding the reason why Fan began the practice of Falun Gong. Because these inconsistencies go to the heart of Fan's claim of persecution, they constitute substantial evidence supporting the finding that Fan was not credible. *See Wang v. INS,* 352 F.3d 1250, 1259 (9th Cir.2003); *Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). The adverse credibility determination is also supported by the cumulative effect of other inconsistencies and implausibilities in Fan's testimony. *See Kaur v. Gonzales,* 418 F.3d 1061, 1067 (9th Cir.2005).

Because Fan cannot meet the lower standard of eligibility for asylum, he has failed to show that he is entitled to withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Fan's Convention claim is based on the same testimony that was found not credible, and he points to no other evidence that the IJ should have considered in making the Convention determination, thus his Convention claim also fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**